UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NELSON ORELLANA,

    Defendants.
_____/

No. CR 11-00821LHK

**PRE-TRIAL ORDER**

The Court held a Pre-Trial Conference on January 11, 2012. Defendant was present with counsel James Phillip Vaughns, and assisted by Spanish language interpreter, Jack Medina. Jeffrey D. Nedrow represented the United States.

## TRIAL

For the reasons stated on the record, the Court granted Defendant's request for a continuance of the trial from January 23, 2012 to March 9, 2012, and found that the time through and including January 23, 2012 and March 9, 2012 was deemed excluded pursuant to 18 U.S.C., §§ 3161(c)(2) and 3161(h)(7)(A) and (B)(iv).

The trial will take place from 9 a.m. to noon and 1 p.m. to 4:30 p.m. on the following dates: March 9, 12, 13, 16, 19, 20, and 23. The jury may deliberate on any intervening Wednesdays and Thursdays even though the Court will have its regular criminal and civil calendars on those days.

The parties should be prepared to give opening statements on March 9, 2012, and the United States should also be prepared to call its witnesses on March 9, 2012.

## JURY SELECTION

Two alternate jurors will be selected. Counsel for each party will have 10 minutes to voir dire the potential jurors.

## FINAL PRE-TRIAL CONFERENCE AND UNITED STATES' DISCLOSURES

The Court set a Final Pre-Trial Conference for February 29, 2012 at 10 a.m. at which time the parties will discuss stipulations, witnesses, exhibits, jury instructions, translators, clothing for in custody witnesses, and any other issues the parties raise.

On January 11, 2012, the United States shall make its *Henthorn* disclosure pursuant to the Court's Order on the United States' in camera review request. The United States shall disclose the identity of its Confidential Source on March 1, 2012.

## STIPULATIONS

The parties will meet and confer about potential stipulations regarding chain of custody witnesses, custodian of record witnesses, and transcripts of Spanish language tapes.

## UNITED STATES' MOTIONS IN LIMINE

Motion in Limine No. 1: Exclusion of Entrapment Defense. The Court denies this motion without prejudice. The United States may make this motion again after the close of evidence. Defense counsel will not refer to entrapment during voir dire or opening statements.

Motion in Limine No. 2: Exclusion of Witnesses' Arrests, Convictions, and Alleged Prior Bad Acts. Defense counsel's opposition to this motion is limited solely to the Confidential Source's 1995 felony conviction for eluding the police. Pursuant to Federal Rule of Evidence 609(b), the Court finds that the Confidential Source's 1995 felony conviction is too old and not probative of honesty; thus, the interests of justice do not warrant its admission into evidence. Moreover, pursuant to Federal Rule of Evidence 403, the probative value of this evidence is not outweighed by the undue delay and waste of time caused by the admission of this evidence. The Court grants this motion.

Motion in Limine No. 3: Admissibility of Evidence Regarding Defendant's Prior Drug Activity. For the reasons stated on the record, the Court grants this motion.

Motion in Limine No. 4: Admissibility of Co-Conspirator Statements. For the reasons stated on the record, the Court grants this motion.

Motion in Limine No. 5: Admissibility of Public Records. Defendant does not oppose, and the Court grants, this motion.

Motion in Limine No. 6: Admissibility of Expert Testimony Regarding Drug Trafficking. Defendant does not oppose, and the Court grants, this motion.

**IT IS SO ORDERED**.

Dated:  January 24, 2012

_____
LUCY H. KOH
United States District Judge